**SO ORDERED.**
**SIGNED this 31st day of May, 2013**

_____
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

In re:

MATTHEW ALAN CALHOUN, SR.,              No. 11-13398
MARY MARIE CALHOUN,                     Chapter 13

      Debtors.

Appearances:

Richard L. Banks, Richard Banks & Associates, P.C., Cleveland, Tennessee, for the Debtors

United States Bankruptcy Court
Judge Shelley D. Rucker

1

**MEMORANDUM AND ORDER**

The court makes the following findings of fact and conclusion of law based on Fed. R. Bankr. P. 7052 as made applicable to contested matters by Fed. R. Bankr. P. 9013. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157 (b)(2)(B).

**I.      Facts**

Genesis Financial Solutions, Inc. ("Claimant"), through its servicer, Quantum3 Group, LLC ("Servicer") filed proof of claim no. 22 for $800.35 on October 14, 2011.  The proof of claim reflects that the basis for the debt was an account with Wamu/Providian Bank with an account number ending in 2790.  The Claimant attached a one page statement that provides an account number, the amount of the debt, and an "open date" of September 4, 2001.  The statement shows Wamu/Providian Bank as the original creditor.  The last transaction date is not provided.  The statement has no separate signature which would indicate who is representing these facts.  No writing evidencing the transfer of ownership of the claim from Wamu/Providian Bank to Claimant, and no servicing agreement are attached to the proof of claim.  The proof of claim and the attached statement reflect a total balance due of $800.35.  There is no breakdown of principal, interest, or fees.

The Debtors have not listed Wamu/Providian, the Servicer, or the Claimant in their schedules.  On January 28, 2013, the Debtors filed their objection to the proof of claim and served the Claimant, providing 30 days' notice of the hearing.  *Objection by Debtor(s) to Claim No. 22 Filed by Quantum3 Group LLC as Agent for Genesis Financial Solutions, Inc.,* ECF No. 52. The Debtors attached no affidavit or declaration under penalty of perjury with respect to their objection.

In their objection, the Debtors allege that the claim should be disallowed because:

(a)  The claim is time barred from collection by the applicable statute of limitations;

2

(b) (1) the documentation as to ownership of the claim is not attached;

    (2) the power of attorney authorizing Claimant to file the claim is not attached;

(c)  the Debtors did not schedule the claim;

(d) the proof of claim was not properly executed and the individual whose typed name appears on the proof of claim did not personally review or sign the claim; and

(e) the Claimant wrongfully obtained the Debtors' social security number and used it improperly to file the proof of claim.

The Debtors seek disallowance of the claim in its entirety.

## II. Default Judgment - Fed. R. Civ. P. 55 and Fed. R. Bankr. P. 7055

In this case, the Debtors set their objection to the proof of claim for hearing.[1] The original hearing date was March 7, 2013, but it was continued to April 11, 2013. No response has been filed and no one appeared on the Claimant's behalf at the hearings held on March 7 or April 11, 2013. The Debtors were not present at either hearing, although their attorney appeared and argued the objection on their behalf. There is no affidavit attached to the objection. The Debtors rely on their contentions in the objection, the fact that they did not include the debt in their sworn Schedule F, and the arguments of counsel at the April 11 hearing. The court, therefore, has before it a contested matter to which no answer has been filed. Fed. R. Bankr. P. 9014(c) authorizes the court to apply Fed. R. Bankr. P. 7055 to this contested matter. Rule 7055 incorporates Fed. R. Civ. P. 55.

---

[1] If the Debtors had used passive notice, the local rules require that the allegations be supported by an affidavit putting the facts into evidence unless the facts on which the Debtors rely are evident from the record. E.D.Tenn. LBR 3007-1(b).

Under Fed. R. Civ. P. 55, the court may grant a judgment provided that the claimant has been served and notice of the hearing in which the relief will be granted has been provided more than 30 days prior to the hearing date. Fed. R. Bankr. P. 3007(a); E.D.Tenn. LBR 9013-1(f)(2)(ii)(A). The Debtors have provided that notice. In this case there is no evidence that the additional procedural concerns regarding the disability or military service status of the Claimant are at issue. *See HICA Education Loan Corp. v. Klugewicz*, No. 1:11-cv-287, 2012 WL 6799752, at *3-4 (E.D. Tenn. Apr. 17, 2012) (quoting *Broadcast Music v. Marler*, 2009 WL 3785878, at *4 (E.D. Tenn. Nov. 12, 2009)) (other citations omitted).[2]

The court's authority to proceed to a judgment where there is no answer is also addressed in the local rules. In cases where there is no response, the court may consider that there is no opposition to the requested relief. E.D.Tenn. LBR 9013-1(f)(4).

> Unless excused by the court, the movant and any objecting party are required to appear at all scheduled hearings. The failure of …an objecting party to attend a duly noticed hearing will be deemed a withdrawal of …the objection to the motion. . . Similarly, the court will consider the failure of any other noticed party to attend the hearing as a lack of opposition to the granting of the relief requested in the motion.

*Id.* Motions are defined in the local rules to include objections to claims. E.D. Tenn. LBR 9013-1(a).

---

2   The opinion notes a requirement that an affidavit be provided with the motion for a default judgment that the defendant is not minor or incompetent. It also requires an affidavit in compliance with the Servicemembers Civil Relief Act, 50 U.S.C. app. § 521(b)(1)(2008) for cases in which the default judgment is sought against an individual who has not appeared in the case. Neither of these requirements applies in this case.

Having found that the court may enter a default judgment, the court must consider whether it should exercise its discretion to do so. In determining whether the court should exercise its discretion, the court may review the merits of the claim. *See HICA Education Loan Corp. v. Klugewicz*, No. 1:11-cv-287, 2012 WL 6799752, at *1 (E.D. Tenn. Apr. 17, 2012); *Jahn v. Clayton (In re Clayton)*, Adv. No. 11-1135, 2012 WL 112940, at *1 (Bankr. E. D. Tenn. Jan.12, 2012).

> It is fundamental that not all injuries are legally compensable; a tenet which may not be bypassed simply because a party fails to respond to a complaint. . . Thus, among the considerations a court is to employ when determining the propriety of entering a judgment by default is whether there exists a sufficient basis in the pleading for the judgment's entry; or similarly, whether a viable cause of action is alleged.

*Irby v. Fashion Bug (In re Irby),* 337 B.R. 293, 294 (Bankr. N.D.Ohio 2005)(citations omitted). In addressing the merits of the complaint, or in this case, the objection, the factual allegations are admitted.

> Once the default is established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief. Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.

10A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2688, p.63 (3d. 1 1998)(footnote omitted); *Bowers v. Banks (In re McKenzie),* No. 11-1169, 2013 WL 1091634, at *708 (Bankr. E.D. Tenn. Mar. 5, 2013). *See also In re Brunson*, 486 B.R. 759, 768 (Bankr. N.D.Tex. 2013)("Under Bankruptcy Rule 7055, the entry of a default judgment is not automatic . . . a default judgment is committed to the court's discretion.")(citations omitted); *In re Rehman*, 479 B.R. 238 (Bankr. D. Mass. 2012)(Court overruled objections to assigned credit card claims

where creditors had not responded, but debtor had listed the original creditors).

### III. Analysis

#### A. Claims Allowance

A proof of claim which is filed under 11 U.S.C. § 501 is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). The Debtors have objected to Claimant's proof of claim, including an unsworn allegation that the Debtors do not owe this debt to weigh against the Claimant's sworn statement that they do. The court will start its analysis with a determination of what is the evidentiary value of the Claimant's proof of claim.

#### B. Evidentiary Value of the Proof of Claim

Fed. R. Bankr. P. 3001 governs the filing of a proof of claim. Compliance with this rule provides a significant benefit to a creditor. "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). While an objection based on the failure to comply with this rule is not sufficient for disallowance, the failure does have ramifications for the evidentiary effect of the proof of claim. *B-Line, LLC v. Wingerter* (*In re Wingerter*), 594 F.3d 931, 941 (6th Cir. 2010).

The applicable provisions of Bankruptcy Rule 3001(c) require that supporting documentation be supplied:

**(c) Supporting Information**

**(1) Claim Based on a Writing**
*Except for a claim governed by paragraph (3) of this subdivision,* when a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

6

**(2) Additional Requirements in an Individual Debtor Case:  Sanctions for Failure to Comply**

In a case in which the debtor is an individual:

(A) If, in addition to its principal amount, a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim.

. . . .

(D) If the holder of a claim fails to provide any information required by this subdivision (c), the court may, after notice and hearing, take either or both of the following actions:
  (i)   preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or
  (ii)  award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

**(3)  Claim based on an open-end or revolving consumer credit agreement**

*(A)  When a claim is based on an open-end or revolving consumer credit agreement --- except one for which a security interest is claimed in the debtor's real property --- a statement shall be filed with the proof of claim, including all of the following information that applies to the account:*
> *(i) the name of the entity from whom the creditor purchased the account;*
> *(ii) the name of the entity to whom the debt was owed at the time of an account holder's last transaction on the account;*
> *(iii) the date of an account holder's last transaction;*
> *(iv) the date of the last payment on the account; and*
> *(v) the date on which the account was charged to profit and loss.*

*(B)  On written request by a party in interest, the holder of a claim based on an open-end or revolving consumer credit agreement shall, within 30 days after the request is sent, provide the requesting party a copy of the writing specified in paragraph (1) of this subdivision.*

Fed. R. Bank. P. 3001(c)(emphasis added to reflect amendments effective December 1, 2012). The proof of claim does not comply with either Rule 3001(c)(1) or (c)(3).  It is not prima facie evidence of the amount and validity of the claim.

### C. Challenge to the Factual Allegations and Legal Sufficiency of the Claim

In their objection the Debtors have raised an affirmative defense to the claims. Based on the proof of claim, the only date provided by the Claimant is 2001. That is long before the six-year period within which the Claimant may pursue collection of its debt. Tenn. Code Ann. § 28-3-109. In addition, the Debtors dispute even owing this debt based on their statements in their schedules and their allegation in their objection. The court will disallow the claims on these two bases.

### D. Remaining Bases for Disallowance

The Debtors allege three other bases for disallowance. The court has previously determined that lack of documentation is not a valid objection. *In re Gorman*, No. 10-16622, 2013 WL 2284985 (Bankr. E.D. Tenn. May 23, 2013). As to the execution of the claim the Debtors put on no proof that the individual who signed the claim did not review the claim. The court does not need to determine whether this allegation is a sufficient basis for disallowance, having already found grounds to disallow the claim.

The same is true with respect to the remaining bases regarding (a) the failure by the signatory to review the claim, and (b) the wrongful use of the Debtors' social security numbers. At oral argument on the objection, counsel for the Debtors asked the court to conduct a further evidentiary hearing on these two bases for disallowance. The Debtors also asked the court to make adverse inferences from the Claimant's failure to appear or respond. *United States v. Blakemore*, 489 F.2d 193 (6th Cir. 1973). Those inferences would be that the Servicer had made representations to the court which were not supported by either facts or the law and that they had committed some other tort or crime. The court declines to take either action since the objection has been determined on other grounds. The Debtors have not requested sanctions under Fed. R. Bankr.

P. 9011. Moreover, the proper procedure for pursuing an injunction or damages would be by filing a complaint in an adversary proceeding. Fed. R. Bankr. P. 7001(7).

Accordingly,

It is ORDERED that the Objection by Debtor(s) to Claim No. 22 Filed by Quantum3 Group LLC as Agent for Genesis Financial Solutions, Inc., ECF No. 52, is sustained. The debt is not owed by the Debtors, and in the alternative, the collection of the debt claimed by the Claimant is barred by the statute of limitations. The claim is not enforceable under applicable law and is disallowed under 11 U.S.C. § 502(b).

# # #